# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

---

**NICK EUBANKS, et al.**

**CIVIL ACTION NO. 05-1532**

-vs-

**JUDGE LITTLE**

**JAMES E. JORDAN, et al.**

---

## JUDGMENT

Before the court is a motion to dismiss for failure to state a claim upon which relief may be granted filed on 12 October 2005 by the Winn Parish Police Jury ("Police Jury") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. #16]. This motion asks that the court dismiss parts of the complaint of plaintiff Nick Eubanks ("Eubanks") against the Police Jury. Plaintiffs filed a response on 7 November 2005 [#22]. The Police Jury filed a reply on 17 November 2005 [#25].

## FACTUAL BACKGROUND

This litigation concerns the events of the early morning of 28 August 2004. Complaint ¶ 2 [#1]. The complaint alleges that Eubanks, a pretrial detainee,"suffered permanent and totally disabling injuries while incarcerated at the Winn Parish Jail." Id. The complaint also alleges a variety of details about the security, safety and medical care at the prison. Id. ¶¶ 13-17, 35-41, 49-64. Eubanks alleges seven counts under both federal and state law. He also pleads the doctrine of *res ipsa loquitur* with respect to his state law claims.

**LEGAL STANDARDS**

In evaluating a motion to dismiss, the court accepts "the facts alleged in the complaint as true, [but] if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," the motion to dismiss will be granted. C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995). In other words, the plaintiff must provide factual assertions in the complaint that, if taken as true, could lead to relief. While failure to provide facts to support a claim may lead to dismissal under FED. R. CIV. P. 12(b)(6), the court must construe the complaint liberally. Kane Enters. v. MacGregor (USA), Inc., 322 F.3d 371, 374 (5th Cir. 2003). "[C]onclusory allegations or unwarranted deductions of fact" are not sufficient, however, to avoid dismissal. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citation and quotation marks omitted). Instead, the "plaintiff must plead specific facts." Id. (citation and quotation marks omitted). In addition, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). Even if the factual allegations are not conclusory, though, the court will still dismiss a claim if the law does not provide redress for the claim. In other words, dismissal may be appropriate because "the law simply may not afford relief on the basis of the facts alleged in the complaint." Walker v. S. Cent. Bell Tel. Co., 904 F.2d 275, 277 (5th Cir. 1990). As such, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Eubanks points out in his opposition that the motion is written more in the form of

a motion to strike particular references from the pleadings than as a motion to dismiss entire counts. The court finds this observation to be largely correct. Furthermore, the motion does not present any arguments on which to dismiss any of the counts in their entirety. As such, the motion will be considered as a motion to strike the particular references discussed from the complaint.

## **DISCUSSION**

### I. **Eighth Amendment Claims**

The Police Jury argues that Eubanks's claims under the Eighth Amendment must be dismissed because Eubanks was a pretrial detainee, not a convicted prisoner. In Hare v. City of Corinth, the Fifth Circuit stated that while a convicted state prisoner has rights under the Eighth Amendment, "[t]he constitutional rights of a pretrial detainee, on the other hand, flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." 74 F.3d 633, 639 (5th Cir. 1996). The reason for this distinction is that "[t]he State cannot punish a pretrial detainee." Id. As a result, "a pretrial detainee's due process rights are said to be 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" Id. (quoting City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983)).

The Police Jury is therefore technically correct that the plaintiff cannot bring a claim under the Eighth Amendment because he was a pretrial detainee. The Fifth Circuit noted in Hare, however, that "[t]he same conditions of violence and sexual abuse which constitute cruel and unusual punishment may also render the confinement of pretrial detainees punishment per se." Id. at 641-42. Accordingly, the references in the complaint to the

Eighth Amendment are stricken as alleged against the Police Jury. Counts three and four, in which these references are made, remain as due process claims and are not dismissed.

## II.    Fourth Amendment Claims

Vicarious liability does not apply to the parish Police Jury for the acts of the sheriff or his deputies. <u>Foster v. Hampton,</u> 343 So.2d 219, 221 (La. Ct. App. 1977) (citation omitted); <u>Nielson v. Jefferson Parish Sheriff's Office</u>, 242 So.2d 91, 94 (La. Ct. App. 1970). The complaint does not make any allegations that the Police Jury was personally involved in any of the actions that took place. Accordingly, the Fourth Amendment references are stricken as alleged against the Police Jury. The counts in which these references are made, counts three and four, are not dismissed.

## III.    Equal Protection Claims

The Police Jury also seeks to dismiss the reference to the Equal Protection Clause of the Fourteenth Amendment made in the "Jurisdiction and Venue" section of the complaint. Eubanks has failed to allege any discriminatory intent or action "at least in part for the purpose of causing its adverse effect on an identifiable group." <u>Priester v. Lowndes County</u>, 354 F.3d 414, 424 (5th Cir. 2004) (citation omitted). The reference to the Equal Protection Clause in the complaint is therefore stricken as alleged against the Police Jury.

## IV.    Conspiracy Claims

In order to survive a motion to dismiss the conspiracy allegations, the plaintiff must make factual assertions that suggest an agreement between the Police Jury and at least one other actor. <u>Cinel v. Connick</u>, 15 F.3d 1338, 1343 (5th Cir. 1994); <u>see</u> <u>also</u> <u>State v. Leger</u>,

907 So.2d 739, 763 (La. Ct. App. 2005) ("In a conspiracy, it is the combination of at least two minds for an unlawful purpose which is the foundation of the offense."). Here there are no assertions that suggest an agreement involving the Police Jury. Without such an agreement, there can be no conspiracy. <u>Priester</u>, 354 F.3d at 420. The conspiracy allegations against the Police Jury under both federal and state law are therefore stricken.

The court notes that this judgment only affects the complaint as it exists against the Police Jury. It has no effect on the complaint as it pertains to the other defendants.

<u>**CONCLUSION**</u>

For the foregoing reasons, the motion to dismiss certain parts of certain claims against the Police Jury is GRANTED. The references to the Fourth and Eighth Amendments, the Equal Protection Clause and conspiracy are stricken from the complaint as alleged against the Police Jury.

Alexandria, Louisiana

11 January 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE