U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
MAY 2 6 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

**NICK EUBANKS, et al.**

**CIVIL ACTION NO. 05-1532**

-vs-

**JUDGE TRIMBLE**

**JAMES E. JORDAN, et al.**

## MEMORANDUM RULING

Before the court is a motion to strike filed by defendants Sheriff James E. Jordan, Chief Deputy Gregg Davies, and Warden Raymond Whittington (collectively, the "moving defendants") [Doc. #29]. This motion asks that the court strike particular references from the complaint of plaintiff Nick E. Eubanks ("Eubanks") against the moving defendants. Eubanks has not timely filed a response to the instant motion. For the following reasons, the motion will be GRANTED in PART and DENIED in PART.

## FACTUAL BACKGROUND

In this matter, on 28 August 2004, Eubanks, a pretrial detainee, allegedly "suffered permanent and totally disabling injuries while incarcerated at the Winn Parish Jail." Compl. ¶ 2. The complaint further alleges deficiencies in security, safety and medical care at the jail. Id. ¶¶ 13-17, 35-41, 49-64. Eubanks alleges seven counts under both federal and state law. He also pleads the doctrine of *res ipsa loquitur* with respect to his state law claims.

## LEGAL STANDARDS

Generally, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a). In addition, pleadings shall be "simple, concise, and direct." Id. 8(e)(1). A court, on its own initiative or in response to a motion, may strike portions of the pleading that are "redundant, immaterial, impertinent, or scandalous." FED. R. CIV. P. 12(f). Motions to strike under Rule 12(f) of the Federal Rules of Civil Procedure are not favored, and a portion of the complaint should not be stricken unless the allegations are prejudicial to the defendant or immaterial to the lawsuit. Veazie v. Southern Greyhound Lines, Division of Greyhound Lines, Inc., 374 F. Supp. 811, 815 (E.D. La. 1974); see also Boyd's Bit Service, Inc. v. Specialty Rental Tool & Supply, Inc., 332 F. Supp. 2d 938, 944 (W.D. La. 2004) (motion to strike usually denied unless allegations have no possible relevance to controversy and may cause prejudice to a party).

As the court treated the motion to dismiss previously filed by former defendant the Winn Parish Police Jury ("Police Jury") [#16] as a motion to strike the particular references from the complaint, the moving defendants have similarly styled this motion as a motion to strike.

## DISCUSSION

### I.   Eighth Amendment Claims

Consistent with our prior analysis with respect to the Police Jury based on Fifth Circuit jurisprudence, we find that, technically, the plaintiff cannot bring a claim under the Eighth Amendment because he was a pretrial detainee. See Hare v. City of Corinth, 74 F.3d 633, 639-42 (5th Cir. 1996) ("The constitutional rights of a pretrial detainee . . . flow from both the

procedural and substantive due process guarantees of the Fourteenth Amendment."). Accordingly, the references in the complaint to the Eighth Amendment are stricken as alleged against the moving defendants. Counts Three and Four, however, in which these references are made, remain as due process claims and are not dismissed.

## II. Fourth Amendment Claims

In our prior ruling, we held that vicarious liability did not apply to the Police Jury for the acts of the sheriff or his deputies. The complaint, however, sufficiently alleges that the moving defendants were personally involved in the actions that took place in the Winn Parish Jail to withstand a motion to strike. Accordingly, the motion to strike the Fourth Amendment references is denied.

## III. Equal Protection Claims

The moving defendants also seek to dismiss the reference to the Equal Protection Clause of the Fourteenth Amendment made in the "Jurisdiction and Venue" section of the complaint. Eubanks has failed to allege any discriminatory intent or action "at least in part for the purpose of causing its adverse effect on an identifiable group." Priester v. Lowndes County, 354 F.3d 414, 424 (5th Cir. 2004) (internal citation omitted). The reference to the Equal Protection Clause in the complaint is therefore stricken as alleged against the moving defendants.

## IV. Conspiracy Claims

Here, construing the complaint liberally, the court finds sufficient assertions of an agreement involving the moving defendants to support allegations of a conspiracy. See Compl. ¶¶ 52-64; Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994). As such, the court declines to strike the conspiracy

3

allegations against the moving defendants under both federal and state law.

## V.     References to Jessica L. Page

As the moving defendants note, this case's caption clearly indicates that the plaintiff is Nick E. Eubanks, "on his own behalf." Compl. ¶ B.1. Plaintiff's sister, Vickie E. Neal, is "his duly appointed lawful agent and attorney-in-fact, having authority to bring this action on his behalf." Id. Jessica L. Page, Eubanks's daughter, is not a plaintiff in this case. See Compl. ¶ 47. Additionally, the moving defendants contend that opposing counsel has advised them that Jessica L. Page is not making a claim in this suit. Defs.' Mem. 5. Accordingly, any references to Jessica L. Page as a petitioner in paragraph 47 of the complaint are stricken.

## **CONCLUSION**

For the foregoing reasons, the motion to strike will be GRANTED in PART and DENIED in PART. The references to the Eighth Amendment, the Equal Protection Clause, and to Jessica L. Page as a petitioner will be stricken from the complaint as alleged against the moving defendants. The references to the Fourth Amendment and conspiracy claims will not be stricken from the complaint as alleged against the moving defendants.

Alexandria, Louisiana

___ May 2006

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE
